IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JORGE RUELAS-MARTINEZ, | § | |
| # 23682-479, | § | |
| MOVANT, | § | |
| | § | |
| V. | § | CASE NO. 3:18-CV-2909-L-BK |
| | § | (CRIMINAL 3:17-CR-101-L-1) |
| UNITED STATES OF AMERICA, | § | |
| RESPONDENT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this civil action was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition on the *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed by Jorge Ruelas-Martinez (Ruelas). As detailed herein, the motion should be **DENIED**.

**I.   BACKGROUND**

In 2017, Ruelas pled guilty to illegally re-entering the United States after deportation and was sentenced to 66 months' imprisonment. *United States v. Ruelas-Martinez*, No. 3:17-CR-00101-L-1, Crim. Doc. 33 (N.D. Tex., Oct. 3, 2017), *aff'd*, 737 F. App'x 228 (5th Cir. 2018) (per curiam), *cert. denied*, 139 S. Ct. 932 (2019). Ruelas timely filed the instant Section 2255 motion on October 30, 2018, asserting ineffective assistance of counsel and challenging the voluntariness of his guilty plea, and later filed an amended motion incorporating by reference the allegations of his original motion. Doc. 2; Doc. 6. The Government filed a response in opposition, arguing that Ruelas' alleged grounds for relief lack merit. Doc. 15. Ruelas filed a

reply conceding one ground but requesting an evidentiary hearing on the remaining grounds. Doc. 16 at 2.

Upon review, the Court finds that Ruelas has failed to demonstrate that counsel was ineffective or that his guilty plea was invalid.  Thus, his Section 2255 motion fails on the merits.

## II.     ANALYSIS

To establish ineffective assistance of counsel, a movant must demonstrate counsel's performance was deficient and that the deficient performance prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984).  Failure to establish either deficient performance or prejudice defeats the claim.  *Id*. at 697.

To prove the deficient-performance prong of the *Strickland* test, the movant must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment.  *Id*. at 687.  The proper measure of attorney performance is reasonableness under prevailing professional norms.  *Id*. at 688.  That said, "[j]udicial scrutiny of counsel's performance must be highly deferential."  *Id.* at 689.  There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.  *Id.*

Moreover, to demonstrate prejudice in the context of a guilty plea, the movant must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  The movant bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Id.*

In addition, to be constitutionally valid, a guilty plea must be knowingly, voluntarily, and intelligently made.  *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000).  In determining the voluntariness of a plea, the court considers all relevant circumstances, including

whether the defendant: (1) had notice of the charges against him; (2) understood the constitutional protections he was waiving; and (3) had access to competent counsel. *United States v. Shepherd*, 880 F.3d 734, 740-41 (5th Cir. 2018); *see also Boykin v. Alabama,* 395 U.S. 238, 244 (1969) (to be knowing and intelligent, the defendant must have "a full understanding of what the plea connotes and of its consequence").

When challenging the validity of his guilty plea, a defendant ordinarily may not refute his sworn testimony given at a plea hearing while under oath. *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998). A defendant must also overcome the presumption of regularity and "great evidentiary weight" accorded court records. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether plea is entered voluntarily and knowingly).

### A. Counsel's Failure to Negotiate and Communicate a Plea Bargain or Offer

Apparently dissatisfied with his sentence, Ruelas asserts counsel rendered ineffective assistance in failing to (1) negotiate a plea agreement for a "conditional plea," (2) advise him "that a plea deal was in existence or possible to obtain," and (3) inform him how plea bargaining worked. Doc. 2 at 4-5. Ruelas alleges that counsel misadvised him that he was ineligible for a negotiated sentence and that only the judge could determine the sentence. Doc. 2 at 8. He contends that counsel sought to keep him "ignorant of the fact that plea agreements even exist and that it is not just judges who determine one's sentence." Doc. 2 at 6. In his reply, Ruelas surmises that a "plea deal" existed because the Government's response does not deny that a plea was offered. Doc. 16 at 5.

"It is well established that there is no constitutional right to plea bargain." *United States v. Rice*, 607 F.3d 133, 144 (5th Cir. 2010) (citing *Weatherford v. Bursey*, 429 U.S. 545, 561

(1977)). Defendants "have 'no right to be offered a plea ... nor a federal right that the judge accept it.'" *Lafler v. Cooper*, 566 U.S. 156, 168 (2012) (quoting *Missouri v. Frye*, 566 U.S. 134, 148 (2012)). Thus, where no plea offer is made, the issue of ineffective assistance of counsel "simply does not arise." *Id.*

Ruelas contends counsel was ineffective for failing to negotiate a plea bargain on terms sufficiently favorable to him. However, as previously noted, he had no entitlement to a plea offer. Consequently, his counsel was not constitutionally deficient for failing to seek a plea agreement—whether "conditional" or not—from the government. Moreover, apart from his bare assertions, Ruelas does not offer proof that there was ever a formal plea offer. Consequently, he cannot demonstrate that counsel was deficient for failing to communicate an offer or that he was prejudiced by its rejection or lapse. *Frye*, 566 U.S. at 147. Accordingly, Ruelas ineffectiveness claims fail.

### B. Voluntariness of Plea

Ruelas also argues that his guilty plea was involuntary because he relied on counsel's "faulty information" regarding his sentencing exposure in deciding whether to plead guilty. Doc. 2 at 7-8. Specifically, he avers that counsel led him to believe that he faced a sentencing range of 46-57 months, rather than the 77-96 months subsequently calculated in the Presentence Report (PSR). Doc. 2 at 8; Doc. 16 at 3-4; *see also* Doc. 16 at 7 (counsel's sentencing-projection letter). Ruelas also contends that counsel "failed to fully investigate [his] criminal history" or determine "how to properly apply the Sentencing Guidelines." Doc. 16 at 3. Ruelas asserts that he would not have pleaded guilty and would have insisted on proceeding to trial had he received the correct information regarding the guideline imprisonment range. *Id.*

Ruelas' sworn statements made during rearraignment contradict his current, self-serving

assertions that his plea was induced by misinformation from counsel regarding his sentence. At rearraignment, the Court thoroughly cautioned Petitioner that he could not rely on counsel's opinion about the advisory guideline range and that only the Court would be able to determine the guideline range after considering the PSR and any objections. Crim. Doc. 39 at 7, 9. By his *Factual Resume*, Petitioner also confirmed his understanding that (1) the Court would determine the sentence after considering the advisory Sentencing Guidelines, (2) the "potential guideline range" discussed with counsel was "not a guarantee of what the punishment will be," and (3) the Court, in its discretion, could sentence Ruelas up to the statutory maximum penalties. Crim. Doc. 18 at 2 and n.3. Likewise, counsel warned Ruelas "*that the predictions made in this letter are subject to change based on complete disclosure of your criminal history and proper application of the United States Sentencing Guidelines*." Doc. 16 at 8 (emphasis in original).

Further, Ruelas assured the Court that his plea was not induced by promises or assurances of any kind. Crim. Doc. 39 at 13. He also affirmed that he was fully satisfied with the advice and representation that counsel had given him. Crim. Doc. 39 at 12. In addition, Ruelas had ample time—more than four months between rearraignment and his sentencing hearing—to advise the Court that his guilty plea was involuntary or that he was dissatisfied with defense counsel's conduct. Similarly at sentencing, he voiced no objection about the voluntariness of his guilty plea, the lack of a plea offer or plea agreement, or his counsel's advice and allegedly deficient performance. Crim. Doc. 43.

In sum, Ruelas presents only self-serving, *post hoc* assertions that he would not have pled guilty but for the supposed faulty information from counsel about his sentencing exposure. However, such statements are insufficient to contradict his testimony at rearraignment. *Lee v. United States*, ___ U.S. ___, 137 S. Ct. 1958, 1967 (2017) ("Courts should not upset a plea

solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences."); *United States v. Crain*, 877 F.3d 637, 650 (5th Cir. 2017) (explaining that "self-serving post hoc assertions about how [the defendant] would have pled" do not negate the contemporaneous comments at the plea hearing). Moreover, sworn statements in open court are entitled to a strong presumption of truthfulness. *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Consequently, a defendant will not be permitted to contradict testimony given under oath at arraignment. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (requiring movant to produce "independent indicia of the likely merit of [his] allegations" to overcome re-arraignment testimony and plea agreement, which refuted his allegations).

For the foregoing reasons, the Court concludes that Ruelas has failed to establish that his guilty plea was not knowing and voluntary based on counsel's allegedly deficient performance or that he was prejudiced as a result of the same. Thus, Ruelas' second claim also fails.

### III.   EVIDENTIARY HEARING

In his reply, Ruelas argues for the first time that he is entitled to an evidentiary hearing "so that discovery may be gathered." Doc. 16 at 2, 6. However, "[w]hen the files and records of a case make manifest the lack of merit of a Section 2255 [motion], the trial court is not required to hold an evidentiary hearing." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981); *see also United States v. Reed*, 719 F.3d 369, 373-74 (5th Cir. 2013) ("A defendant is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" (quoting *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008))). Because Ruelas' claims lack merit for reasons wholly supported by the record, as previously

noted, no evidentiary hearing is required. *See United States v. McClinton*, 782 F. App'x 312, 314-15 (5th Cir. 2019) (per curiam) (affirming denial of evidentiary hearing where "contemporaneous evidence" at rearraignment conclusively negated movant's *post hoc* assertions).

### IV. CONCLUSION

The Section 2255 motion should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on December 19, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).