IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JORGE RUELAS-MARTINEZ,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:18-CV-2909-L-BK** |
| | § | Criminal No. 3:17-CR-101-L |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Respondent. | § | |

## <u>ORDER</u>

The Findings, Conclusions and Recommendation of the United States Magistrate Judge (Report) (Doc. 18) was entered on December 19, 2019, recommending that the court deny Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255 ("Motion") (Doc. 6) and dismiss with prejudice this action in which Petitioner asserts ineffective assistance of counsel claims based on his attorney's failure to: (1) negotiate and communicate a plea bargain or offer; and (2) provide him with correct information regarding the guideline imprisonment range that led him to enter an involuntary guilty plea. The Report also recommends that the court deny Petitioner's request for an evidentiary hearing in light of the recommended disposition of his claims.

Petitioner filed objections to the Report in which he continues to maintain that his counsel provided ineffective assistance for failing to negotiate a plea bargain. The court **overrules** this objection for the reasons stated in the Report. Petitioner also contends that his attorney failed to object to two eight-level enhancements, which, according to Petitioner, were based on prior convictions for which the statute of limitations had expired. The Report addressed Petitioner's contention regarding the guideline calculation and voluntariness of his guilty plea without specifically discussing his allegation in Ground One of his Motion that his counsel provided

**Order – Page 1**

ineffective assistance by failing to object to the eight-level sentencing enhancements.  Motion 7 (Doc. 6).  Petitioner, however, waived this claim and argument in the reply that he filed in support of his Motion. Specifically, Petitioner stated in his reply as follows:

> As to the governments argument A, regarding Petitioner's attorney declining to object to the guideline enhancements attributed to his prior felony convictions, the Petitioner concedes this specific point. (Upon further review the Petitioner agrees that the 2016 version of the Sentencing Guidelines, which was used to calculate [his] PSR, did in fact change the way enhancements for prior convictions are assigned.)

Reply 1 (Doc. 16) (emphasis in original). Petitioner also argued in his Motion and reply that his attorney failed to investigate or research the sentencing enhancements and his sentencing exposure, and that this failure resulted in his plea being made unknowingly or involuntarily because the sentencing enhancements doubled the sentence he thought he was facing. His objection regarding the sentencing enhancements, however, does not overcome the reasoning in the Report regarding the voluntariness of his guilty plea based on the advisory guideline sentencing range.

Moreover, to the extent that Petitioner now objects based on a new legal ground (statute of limitations) that was not previously presented to the magistrate judge, the argument is waived. *Freeman v. Cty. of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998) ([A] party who objects to the magistrate judges report waives legal arguments not made in the first instance before the magistrate judge.). Even if not waived, the argument is without merit and insufficient to warrant relief under section 2255 because, as noted by the Government, an attorney's failure to raise a meritless argument cannot form the basis of a successful ineffective-assistance-of-counsel claim.  Resp. 8 (citing *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999)). Thus, regardless of how this particular claim is couched, Petitioner has not asserted a viable ineffective assistance of counsel claim based on the

Order – Page 2

sentencing enhancements.   Petitioner's objection regarding the sentencing enhancements is, therefore, **overruled**.

Having considered Petitioner's Motion, the file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Petitioner's objections to the Report, **denies** his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255, and **dismisses with prejudice** this action for the reasons stated in the Report. In light of the courts ruling, it also **denies** Petitioner's request for an evidentiary hearing.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*]   The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).   In support of this

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

**(a)   Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**(b)   Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

determination, the court accepts and incorporates by reference the Report.  In the event that a notice of appeal is filed, Petitioner must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

      **It is so ordered** this 16th day of June, 2020.


                                     Sam A. Lindsay
                                     United States District Judge